IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MARTY ROBERT BEGAY,

    Plaintiff,

  v.                                     CIV No. 13-0515 LH/WPL

MR. DWAYNE SANTISTEVAN CAPT.
(IN ITS INDIVIDUAL CAPACITY),
STIU SECURITY THREAT
INVESTIGATIONS UNIT
(IN ITS OFFICIAL CAPACITY),

    Defendants.

MEMORANDUM OPINION AND ORDER

This matter is before the Court *sua sponte*. By order entered on October 17, 2013, the Court directed Plaintiff to show cause why his complaint should not be dismissed. On November 18, 2013, Plaintiff filed his response (Doc. 20). For reasons set out below, the order to show cause will be quashed, and certain of Plaintiff's claims will be dismissed.

In its order to show cause, the Court noted that Plaintiff's complaint seeks only equitable relief and that, according to the docket, Plaintiff had been transferred, possibly rendering his claims moot. In his response, Plaintiff alleges that the deprivations he complains of are based on department-wide rules and thus follow him from facility to facility. As a result, his recent transfer had no effect on his placement or custody level, and so his claims are not moot. These allegations provide sufficient grounds for quashing the order to show cause.

As noted in the earlier order, Plaintiff's complaint alleges that Defendants have classified him, without evidence, as a suspected security threat and held him in lockdown since 2009. (In

1

his response, Plaintiff states that these actions began as early as 1998.) Plaintiff asserts that the classification and lockdowns were imposed without due process and thus violated his rights under the Eighth and Fourteenth Amendments. The lockdowns have prevented him from practicing his religious beliefs or lowering his custody level. In his Memorandum (Doc. 14), Plaintiff also asserts that his claims implicate protections of the Equal Protection Clause and the Religious Land Use and Institutionalized Persons Act. The complaint seeks equitable relief in the form of an order terminating his status as a security threat so he can lower his custody level. He also asks to be allowed to practice his religion.

No relief is available against Defendant Security Threat Investigations Unit ("S.T.I.U."), an investigative subdivision of the State Corrections Department. As noted by the Court of Appeals for the Tenth Circuit in a similar situation, Plaintiff "has sued the state and its agency pursuant to § 1983; neither are 'persons' within the reach of § 1983. In these circumstances, the barrier is not Eleventh Amendment immunity--'[t]he stopper [is] that § 1983 creates no remedy against a State.' " *Prokop v. Colorado*, 30 F. App'x 820, 821 (10th Cir. 2002) (quoting *Arizonans for Official English v. Arizona*, 520 U.S. 43, 69 (1997); *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 63-64 (1989)). Furthermore, "the Eleventh Amendment bars a suit brought in federal court by the citizens of a state against the state or its agencies and applies ' "whether the relief sought is legal or equitable." ' " *Johns v. Stewart*, 57 F.3d 1544, 1552 (10th Cir. 1995) (internal citations omitted). The Court will dismiss Plaintiff's claims against Defendant Security Threat Investigations Unit.

Nor do Plaintiff's allegations state a claim for relief under the Equal Protection Clause. Plaintiff does not allege that he is treated differently than other inmates who are classified as a

security threat. Plaintiff's allegations arising from his classification and segregation do not support an equal protection claim. *Templeman v. Gunter*, 16 F.3d 367, 371 (10th Cir.1994); *see Pacheco v. Ward*, No. 98-1104, 1999 WL 215365, at **2 (10th Cir. 1999). Because Plaintiff does not allege some form of disparate treatment, that is, that similarly situated individuals are treated differently, the complaint fails to provide a basic element of an Equal Protection claim. *See, e.g., Jacobs, Visconsi & Jacobs, Co. v. City of Lawrence*, 927 F.2d 1111, 1118 (10th Cir. 1991). This claim will be dismissed.

   IT IS THEREFORE ORDERED that the Order to Show Cause (Doc. 6) is QUASHED;

   IT IS FURTHER ORDERED that Plaintiff's Equal Protection claim is DISMISSED;

   IT IS FURTHER ORDERED that Plaintiff's claims against Defendant Security Threat Investigations Unit are DISMISSED; Defendant Security Threat Investigations Unit is DISMISSED as a party to this action; and the Clerk is directed to issue notice and waiver of service forms, with a copy of the complaint (Docs. 1, 14), for Defendant Santistevan.

               _____
                SENIOR UNITED STATES DISTRICT JUDGE