## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

MARTY ROBERT BEGAY,

    Plaintiff,

v.                                      Civ. No. 13-515 LH/KK

DWAYNE SANTISTEVAN,

    Defendant.

### ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL

THIS MATTER comes before the Court on Plaintiff's Motion for Appointment of Counsel (Doc. 49), filed December 19, 2014.  For the following reasons, the Court finds that Plaintiff's motion is not well taken and will be denied.

### *Background*

Plaintiff Marty Robert Begay is currently incarcerated at the Southern New Mexico Correctional Facility.  (Doc. 49.)  He has also been incarcerated at other New Mexico Department of Corrections ("NMDOC") facilities, including the Western New Mexico Correctional Facility and the Penitentiary of New Mexico.  (Doc. 42-2 at 1-2.)  Plaintiff filed the instant lawsuit on June 3, 2013, alleging that the Security Threat Investigations Unit ("STIU")[1] of the NMDOC, and STIU Administrator Dwayne Santistevan, violated several of his constitutional rights by classifying him as a suspected member of Los Carnales.[2]  (See generally Doc. 1.)  Defendant filed a *Martinez* Report on June 5, 2014 (Doc. 42), to which Plaintiff

---

[1] The correct appellation for this unit is the Security Threat Intelligence Unit.  (Doc. 42 at 2.)  The Court dismissed Plaintiff's claims against the STIU on November 27, 2013.  (Doc. 21.)

[2] At the time, NMDOC considered Los Carnales to be a "Security Threat Group."  (Doc. 42 at 8.)  It appears that Los Carnales may have since been downgraded to a "Disruptive Group."  (*Id.*)

responded on June 30, 2014 and December 19, 2014.  (Docs. 43, 50.)  Also on December 19, 2014, Plaintiff filed this motion to appoint counsel.  (Doc. 49.)

<u>*Analysis*</u>

United States District Courts lack the authority to appoint counsel to represent indigent prisoners in cases brought under 42 U.S.C. § 1983.  *Mallard v. U.S. Dist. Ct.*, 490 U.S. 296, 298 (1989).  However, in certain exceptional circumstances, a court may request the voluntary assistance of counsel in such cases pursuant to 28 U.S.C. § 1915(e)(1).  The court must "give careful consideration to all the circumstances with particular emphasis upon certain factors that are highly relevant to a request for counsel."  *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (internal quotation marks omitted).  These factors include

> the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims.

*Id.* (internal quotation marks omitted).  The plaintiff bears the burden of convincing "the court that there is sufficient merit to his claim to warrant" a request for *pro bono* counsel.  *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004) (internal quotation marks omitted).

In his motion to appoint counsel, Plaintiff does not address the first *Rucks* factor, *i.e.*, the merits of his claims.  (*See generally* Doc. 49 at 1.)  However, even assuming that Plaintiff could meet his burden of demonstrating sufficiently meritorious claims, all of the remaining *Rucks* factors weigh against the Court requesting *pro bono* counsel for Plaintiff at this time.  57 F.3d at 979.  Plaintiff argues that the "issues involved in this case are complex, and will require significant research and investigation."  (Doc. 49 at 1.)  The Court disagrees.  Although Plaintiff claims that Defendant violated a number of his constitutional rights, all of the alleged violations

appear to arise out of a single decision, *i.e.*, the decision to classify Plaintiff as a suspected member of Los Carnales.  (Docs. 42, 43, 50.)  Moreover, all of his remaining claims are asserted against a single individual, Defendant Santistevan.  In these circumstances, the factual and legal issues raised are not particularly complex, and Plaintiff's ability to investigate the relevant facts is considerable.

Regarding the litigant's "ability to present his claims," *Rucks*, 57 F.3d at 979, Plaintiff contends that his "imprisonment will greatly limit his ability to litigate," that he has a "limited knowledge of the law," and that "counsel would better enable [P]laintiff to present evidence and cross[-]examine witness[es]."  (Doc. 49 at 1.)  In so arguing, Plaintiff describes the circumstances of virtually every *pro se* prisoner plaintiff, circumstances which do not, without more, mandate the appointment of counsel.  A review of Plaintiff's filings in this matter reveals that Plaintiff is able to explain to the Court what he seeks and why he seeks it, and to include citations to relevant legal authority.  (*See*, *e.g.*, Doc. 14 at 1.)  The Court therefore concludes that Plaintiff has demonstrated the ability to present his claims without counsel at this time.

The Court is certain that Plaintiff would have an easier time pursuing his lawsuit if an attorney represented him.  Again, however, this is true of virtually any *pro se* litigant.  *See, e.g., Rucks*, 57 F.3d at 979 ("While we do not quarrel with [Plaintiff's] assertion that having counsel appointed would have assisted him in presenting his strongest possible case, the same could be said in any case.").  Because Plaintiff has no right to appointed counsel in this matter and has not met his burden of persuading the Court that his claims warrant a request for *pro bono* counsel, Plaintiff's motion must be denied.  To the extent that Plaintiff requests assistance in finding an attorney on his own, the Court will direct the Clerk to mail to Plaintiff a copy of the United

States District Court for the District of New Mexico's "Guide for *Pro Se* Litigants," which lists resources for legal representation.

      IT IS THEREFORE ORDERED that Plaintiff's Motion for Appointment of Counsel (Doc. 49) is DENIED at this time.

      IT IS FURTHER ORDERED that the Clerk will mail a copy of the Court's "Guide for *Pro Se* Litigants" to Plaintiff.

      IT IS SO ORDERED.


_____

KIRTAN KHALSA
UNITED STATES MAGISTRATE JUDGE