IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MARTY ROBERT BEGAY,

    Plaintiff,

    v.                                                CIV 13-00515 LH/LF

DWAYNE SANTISTEVAN,

    Defendant.

**MEMORANDUM OPINION AND ORDER**
**ADOPTING MAGISTRATE JUDGE'S**
**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

THIS MATTER comes before the Court on Magistrate Judge Laura Fashing's Proposed Findings and Recommend Disposition (Doc. 58) (Report) and plaintiff Marty Robert Begay's objections to the Report (Doc. 59)[1]. Having conducted a de novo review, the Court overrules Begay's objections and adopts the magistrate judge's recommendation to dismiss Begay's complaint as moot.

**I.    Background**

Plaintiff Marty Begay is an inmate currently housed at the Southern New Mexico Correctional Facility. In his complaint, Begay alleges that defendant Dwayne Santistevan wrongfully classified him as a member of a "security threat group" (STG) because of his suspected affiliation with the Los Carnales gang. Because of this classification, Begay was housed in a Level VI security housing unit (SHU). Begay contends that he was not allowed to present evidence to contradict his suspected affiliation with Los Carnales in violation of his due

---

[1] On October 23, 2015, Begay filed his "Answer of Issues," which the Court will construe as objections to the magistrate judge's Report.

process rights. Begay further asserts that his religious practices were limited during his time in the SHU in violation of his constitutional rights.

Begay filed his complaint in June of 2013 asking the Court to remove the STG status from his file and release him from the SHU. In February of 2014, the Director of Adult Prisons reclassified the Los Carnales gang from an STG to a "disruptive group." As a result of the reclassification, all members of the Los Carnales gang, including Begay, were placed in Level III housing and allowed to participate in Level III programing.

## II.   Standard of Review

When a party files timely written objections to the magistrate judge's recommendation, the district court will conduct a de novo review and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(C); *see also* FED.R.CIV.P. 72(b)(3). The Court must consider relevant evidence in the record and not merely review the magistrate judge's recommendation. *Garcia v. City of Albuquerque*, 232 F.3d 760, 766 (10th Cir. 2000). "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop., With Buildings, Appurtenances, Improvements, & Contents, Known as: 2121 E. 30th St., Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). "[O]nly an objection that is sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute will advance the policies behind the Magistrate's Act . . . ." *Id*.

## III.   Discussion

Begay fails to specifically identify any portion of the magistrate's Report to which he objects. Instead, he continues to argue the meritless position that although he is no longer

burdened with the STG status or housed in the SHU, the Court still should provide relief. Begay's objections are not sufficiently specific to preserve the issues for review. Nonetheless, having reviewed the evidence, the Court finds that the magistrate judge correctly determined that this case should be dismissed as moot.

As the magistrate judge noted, "[a] case becomes moot when plaintiff no longer suffers actual injury that can be redressed by a favorable judicial decision." *Rhodes v. Judiscak*, 676 F.3d 931, 933 (10th Cir. 2012) (internal quotation and citation omitted). Begay alleges that he was injured by bearing the STG status and being housed in the SHU which restricted his religious practices. In his objections, he concedes that since reclassification, he no longer lives in the most restrictive housing level, is currently housed in the general population, and participates in Level III programing. Doc. 59 at 1–3.

Further, Begay offers no more than conclusory statements that he continues to bear the label of being a suspected member of an STG, that his status has "impacted the freedom to practice religion," and that he is "still enduring violations of his V and XIV, and VIII Amendment rights" Doc. 59 at 1, 4, 6. Conclusory statements that are not supported with citations to legal authority or the record are insufficient to support Begay's arguments. *See Palmer v. Philpot*, 291 F. App'x 206, 207–08 (10th Cir. 2008). There is no evidence that Begay's living conditions have changed since reclassification or the harms alleged have reoccurred. Although Begay is concerned about the "possible threat of confinement into a higher level," *id.* at 4, for the reasons stated by the magistrate judge, he does not establish that a live controversy exists or that any exception to the mootness doctrine applies. *See* Doc. 58 at 4–8.

IT IS THEREFORE ORDERED that plaintiff Marty Begay's Objections are overruled, the Court accepts in whole the magistrate judge's findings and

recommendations and, therefore, adopts the Report in its entirety.  Plaintiff's Complaint is dismissed as moot.

_____
SENIOR UNITED STATES DISTRICT JUDGE